No. 25-6095

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 5, 2025
KELLY L. STEPHENS, Clerk

HAROLD WAYNE NICHOLS,                    )
                                         )
      Petitioner-Appellant,              )
                                         )
v.                                       )       O R D E R
                                         )
JONATHAN THOMAS SKRMETTI, ET AL.,        )
                                         )
      Respondents-Appellees.             )
                                         )
                                         )

Before:   SUTTON, Chief Judge; BATCHELDER and GIBBONS, Circuit Judges.

Before us are two motions in this death penalty case.  One requests an injunction pending appeal, and the other seeks a stay of his execution scheduled for December 11, 2025.

We received these motions on December 3, 2025, and requested expedited briefing. Tennessee's brief arrived on December 4, 2025.  Mr. Nichols filed a reply brief later that day.

Mr. Nichols raises three likelihood-of-success arguments in support of his motions, none of which is convincing and none of which suffices to grant either motion.  *See Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).  *First*, he contends that the district court erred in dismissing his class-of-one equal protection challenge.  The Equal Protection Clause prevents a State from "intentionally treat[ing] one [person] differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005).  Mr. Nichols points out that Tennessee has agreed with two other inmates that the State will not execute them during the course of their lawsuits challenging Tennessee's former execution protocol.  *King v. Strada*, No. 3:18-cv-01234 (M.D. Tenn.); *Middlebrooks v. Strada*, No. 3:19-cv-01139 (M.D. Tenn.).  Because the State has not offered to do the same for him, Mr. Nichols claims a violation of equal protection.  But Mr. Nichols' complaint fails to allege that the State lacks a rational basis for that difference of treatment.  His complaint indeed does not mention the phrase "rational basis" once.  Nor does it grapple with the ways in which he is differently situated from the other two inmates.  All three

face the death penalty, to be sure. But unlike Mr. Nichols, the other two inmates challenged Tennessee's former execution protocol. Because Mr. Nichols did not do so and because Tennessee has since changed its execution protocol anyway, the State has no reason to treat Mr. Nichols' challenge to the new protocol in the same way it treated challenges to the prior protocol. Mr. Nichols likely has not raised a cognizable equal protection claim.

*Second*, Mr. Nichols argues that the district court incorrectly dismissed his facial method-of-execution challenge under the Eighth (and Fourteenth) Amendments. But Mr. Nichols' facial challenge is untimely. "Tennessee's one-year statute of limitations for civil rights claims governs [Mr. Nichols'] § 1983 claim." *Thomas v. Copeland*, 758 F. App'x 377, 380 (6th Cir. 2018). We have held that, for method-of-execution claims, the clock begins to run at "the conclusion of direct review in the state court" or "when the particular method of execution is adopted by the state," whichever is later. *Irick v. Ray*, 628 F.3d 787, 788 (6th Cir. 2010). Mr. Nichols completed direct review of his death sentence at the latest in 1995. *Nichols v. Tennessee*, 513 U.S. 1114 (1995). And Tennessee made single-drug pentobarbital its default method of execution in 2013. *See* Tenn. Code Ann. § 40-23-114. Mr. Nichols thus missed the deadline by 12 years. Mr. Nichols resists this conclusion, pointing out that in 2018, Tennessee returned to using a three-drug protocol instead of a single-drug pentobarbital protocol. Then, in January 2025, the State switched back to the single-drug protocol. That switch reset the clock, Mr. Nichols contends. He is incorrect. The statute of limitations begins running "when the particular method of execution is adopted by the state." *Irick*, 628 F.3d at 788. Tennessee adopted single-drug pentobarbital in 2013, and Mr. Nichols did not challenge it over the course of the next five years. The State's later decision to switch to a new protocol did indeed restart the clock as to the *new* protocol. But when Tennessee switched back to the previous protocol, Mr. Nichols' previous clock remained expired. The State's reassessment of its protocols and return to the prior approach do not give Mr. Nichols a new right to challenge the same procedure he previously opted not to challenge. Facial constitutional challenges, at any rate, are exceedingly difficult to bring. *See United States v. Salerno*, 481 U.S. 739, 745 (1987) (successful facial challenge "must establish that no set of circumstances exists under which" challenged conduct would be constitutional). That is especially true here in view of the Supreme Court's rejection of similar claims. *See Barr v. Lee*, 591 U.S. 979, 980 (2020); *Glossip v. Gross*, 576 U.S. 863, 870–71 (2015); *Baze v. Rees*, 553 U.S. 35, 50 (2008). Mr. Nichols is unlikely to succeed on this facial challenge to the execution protocol.

*Third*, Mr. Nichols claims the district court should not have dismissed his as-applied Eighth Amendment challenge. To state an as-applied method-of-execution claim, Mr. Nichols must, in relevant part, allege that there exists "a feasible and readily implemented alternative method of execution that would significantly reduce a substantial risk of severe pain and that the State has refused to adopt without a legitimate penological reason." *Bucklew v. Precythe*, 587 U.S. 119, 134 (2019). His complaint fails to do so. Mr. Nichols suggests that Tennessee could alternatively execute him by firing squad or by a single bullet to the back of the head. But at the same time, he acknowledges that human error can result in immensely painful deaths by firing squad and offers

No. 25-6095
-3-

only conclusory allegations that these methods would cause less pain than an injection of pentobarbital. Such conclusory allegations do not suffice to state a claim at this late stage. What's more, he does not plausibly allege that these methods would be "feasible and readily implemented," especially given that no State has ever adopted his single-bullet proposal. Tennessee need not "be the first to experiment with a new method." *Id.* at 142. Mr. Nichols is unlikely to succeed on this challenge.

Because Mr. Nichols' claims are unlikely to succeed on the merits, we deny his motions.

Mr. Nichols' motions for an injunction pending appeal and to stay execution are **DENIED**.


ENTERED BY ORDER OF THE COURT


Kelly L. Stephens, Clerk